IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GINNIFER WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19cv154-MHT-WC |
| | ) |
| MONTGOMERY COUNTY PUBLIC SCHOOLS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this lawsuit against Montgomery County Public Schools, Montgomery County Board of Education, and the Alabama Department of Education ("ALDOE"). Docs. 1 and 8. The first two Defendants were served and have filed an Answer. Doc. 13. The docket reflects that ALDOE was served by certified mail on April 11, 2019, and again on April 15, 2019; however, it is not clear whether service complies with Rule 4(j)(2) of the Federal Rules of Civil Procedure. Docs. 10 and 11.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. The rule further provides that a court must extend the time for service for an appropriate period if plaintiff shows good cause for the failure. *Id.* This lawsuit was filed on March 1, 2019, so Plaintiff's deadline to serve the summons and complaint on ALDOE expired on May 30, 2019.

On that date, an order was issued by this Court directing Plaintiff to show cause as to why her claims against ALDOE should not be dismissed for failure to prosecute. Doc. 19. Plaintiff responded by stating that ALDOE had been "previously served and responded with my previous complaint filed with the EEOC." Doc. 21. When this case was reassigned to the undersigned Magistrate Judge, a status conference was held on August 5, 2019, advising Plaintiff, a *pro se* party, that she must familiarize herself with the Federal Rules of Civil Procedure and the Court's Guidelines of Civil Discovery and proceed with her claims against ALDOE in order to avoid a possible dismissal. Doc. 23. The undersigned then issued a written order giving Plaintiff these same instructions, directing her to the websites where the rules are located, and giving her a second warning that a failure to follow the rules could result in adverse consequences, including dismissal. Doc. 24. On September 6, 2019, the undersigned issued another order giving Plaintiff until September 27, 2019, to perfect service on ALDOE and a third warning that her failure to comply may result in dismissal of her claims against ALDOE. Doc. 25. Despite having received ample time and warnings, to date, Plaintiff has failed to perfect service on ALDOE or otherwise proceed with her claims against ALDOE.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute or obey a court order. *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). A district court's dismissal of an action for failure to comply with the rules of the court is reviewed for an abuse of discretion. *Id.* (citing *Zocaras v. Castro*, 465 F.3d 479, 483 (11th

Cir. 2006)).  When a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion. *Id.* (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  Accordingly, the undersigned RECOMMENDS that Plaintiff's claims against ALDOE be dismissed without prejudice for failure to perfect service, failure to prosecute, and failure to comply with the orders of this Court.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 30, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of October, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE